|2FOGG, Judge.
The issues raised on appeal in this administrative proceeding instituted before the Commissioner of Insurance concern the procedures governing rehearings and appeals taken from a decision rendered by that agency.
Central Oil and Supply Corporation (hereinafter “Central”) obtained workers’ compensation insurance from Savant Insurance Company (hereinafter “Savant”) for the period of July 15,1991 to July 15, 1992. Central instituted these proceedings by applying to the Commissioner of Insurance, through the Louisiana Rating Commission, Workers’ Compensation Board of Appeals, for a review of Savant’s assessment of the premium due under that policy.
The Workers’ Compensation Board of Appeals (hereinafter the “Board”) heard Central’s complaint on November 9, 1994 and issued its decision on November 18, 1994. Notice of the judgment was provided to the parties by letter dated December 15, 1994.
Central did not apply to the Board for a rehearing and has not formally requested any other relief from the Board. Rather, on January 13, 1995, in accordance with LSA-R.S. 22:1412B, Central petitioned the Nineteenth Judicial District Court for judicial review of the Board’s decision of November 18, 1994. The defendants answered that petition on February 3,1995.
On March 10, 1995, Central filed a motion to dismiss the petition for review. The stated reason for the motion was that the Commissioner of Insurance had granted a rehearing for further consideration of the matter. Attached to the motion was a letter dated March 7, 1995 from the Louisiana Insurance Rating Commission stating that it granted a rehearing because there existed a possibility that certain evidence was not presented at the first appeal. The district court granted Central’s motion to dismiss on March 17, 1995.
On June 2, 1995, Savant filed, in the district court, a petition for writ of mandamus and, alternatively, injunctive | ^relief. Therein, Savant asked the district court to issue a writ of mandamus staying all further proceedings before the Commissioner of Insurance pertaining to the subject matter of this appeal. In the alternative, Savant asked that the district court enjoin the Commissioner of Insurance and the Board from conducting any further hearings on this matter.
Subsequently, Savant amended its petition for mandamus to add an action for declaratory relief and, in the alternative, an application for new trial. By this amendment, Savant sought to have the order of dismissal dated March 17, 1995 declared to have the effect of a final judgment; and the decision of the Commissioner of Insurance declared a final administrative decision of the Commissioner of Insurance. In the alternative, Savant sought a new trial on the motion to dismiss.
After hearing the matter, the district court rendered judgment in favor of Savant and against Central, declaring that the decision of the Board, dated November 18, 1994 has become final and is no longer subject to appeal, review, or modification either by the district court or the Board. The court further issued a writ of mandamus directed to the Commissioner of Insurance, staying all proceedings before the Commissioner of Insurance and the Board pertaining or relating to the subject of this appeal.
On appeal, Central asserts that the Commissioner of Insurance properly granted the rehearing. Rule 1, Sections 1.22 and 1.23 of the Rules of Practice and Procedure before the Commissioner of Insurance discuss rehearings and appeals of decisions and orders issued by the Commissioner of Insurance as follows:
*1173 § 1.22 Rehearings
A. The Commissioner may, upon motion therefor made within ten (10) days after service of a decision and order, order a rehearing upon such terms and conditions as he may deem just and proper if a petition for judicial review of the decision and order has not been filed. Such motion shall not be granted except upon a showing that there is additional evidence which Lis material and necessary and reasonably calculated to change the decision; that the decision or order is clearly contrary to the law and the evidence; that there is a showing that issues not previously considered ought to be examined in order to properly dispose of the matter; or there is other good ground for further consideration of the issues and the evidence in the public interest. The motion shall be supported by an affidavit of the moving party or his counsel showing with particularity the materiality and necessity of the additional evidence or other grounds above recited and the reason why such evidence was not introduced at the hearing or other grounds above recited. Upon rehearing, the Commissioner may modify his decision and order as the additional evidence or other grounds relied upon may warrant. The Commissioner shall grant or deny a motion for rehearing within ten days from his receipt of same.
B. The petition of a party for rehearing, reconsideration, or review, and the order of the Commissioner granting it, shall set forth the grounds which justify such action. Nothing in this Section shall prevent rehearing, reopening or reconsideration of a matter of the Commissioner in accordance with other statutory provisions applicable to such agency, or, at any time, on the ground of fraud practiced by the prevailing party or of procurement of the order by perjured testimony or fictitious evidence. On reconsideration, reopening, or rehearing, the matter may be heard by the Commissioner or it may be referred to a subordinate deciding officer. The hearing shall be confined to those grounds upon which the reconsideration, reopening, or rehearing was ordered. If an application for rehearing shall be timely filed, the period within which judicial review, under
the applicable statute must be sought, shall run from the final disposition of such application.
§ 1.23. Appeals to the district court Appeals to the Nineteenth Judicial District Court from decisions of the Commissioner are governed by R.S. 49:963 and R.S. 49:964 and R.S. 22:1863-1865 inclusive.
On appeal, Central contends that Subpart A of this rule and the first sentence of Subpart B provide certain guidelines for the granting of a rehearing based upon the motion of a party; however, the next portion of Subpart B gives the Commissioner of Insurance the authority to grant a rehearing at any time on its own motion. We decline to reach this issue. The part of the rule on which Central relies lists the following as grounds for granting a rehearing: fraud practiced by the prevailing party, procurement of the order by perjured testimony, and the presentation of fictitious evidence. The Louisiana Rating Commission stated that it granted this rehearing because there ^existed a possibility that certain evidence was not presented at the first appeal. The existence of additional evidence is clearly not one of the grounds for which a rehearing can be granted under Section B. Rather, the possibility that certain evidence was not initially presented is one of the grounds for which a party can move for a rehearing under Section A of this rule; the rule specifically states that a motion for a rehearing based on those grounds must be filed by a party within ten days after service of the decision. Nothing in this rule can be construed to allow the Commissioner of Insurance on his own motion to grant a rehearing on these grounds at any time. Therefore, we conclude that the Commissioner of Insurance erred in granting this rehearing.
In conjunction with the above argument, Central also asserts that the rehearing granted by the Commissioner of Insurance must be maintained in order for it to exhaust all of its administrative remedies. This argument relies on a finding that the granting of the rehearing by the Commissioner of Insurance on its own motion was correct. Considering our conclusion that the rehearing was *1174 erroneously granted, this assertion is without merit. Furthermore, we note that Central’s reliance on the case of Employers-Commercial Union Insurance Co. v. Bernard, 303 So.2d 728 (La.1974), for the proposition that decisions of the Commissioner of Insurance can always be revisited by that agency is misplaced. That case is concerned with insurance rates rather than a premium and stands for the proposition that the Commissioner of Insurance can always revisit insurance rates which it previously approved.
Central further asserts that the issuance of the writ of mandamus was improper because it orders the Commissioner of Insurance to refrain from taking an action it can legally take. In issuing the writ of mandamus the district court, in its capacity to review the action of this agency, stayed the proceedings of the agency. Clearly, it had the power to stay the | ¡¡proceedings of the agency. That the district court may have erroneously referred to this action as a writ of mandamus is of no moment as the nature of the action is governed by its substance rather than its title.
Finally, Central contends the district court erred in determining that the judgment of the Commissioner of Insurance is final. The judgment of the Commissioner of Insurance was rendered on November 18, 1994. Notice of the judgment was provided to the parties by letter dated December 15, 1994. It is undisputed that neither party sought a rehearing before the agency and that Central filed a timely appeal of the judgment. However, on March 17, 1995, the district court granted Central’s motion to dismiss its appeal, thereby concluding Central’s efforts for relief through the judiciary and making the judgment of November 18, 1994 definitive.
For the foregoing reasons, we find no error in the district court’s finding that the decision of the Commissioner of Insurance dated November 18, 1994 is final and no longer subject to appeal, review or modification by either the Commissioner of Insurance or the judiciary. Therefore, the judgment of the district court is affirmed. Costs are assessed against the appellant.
AFFIRMED.